IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Michael B., | ) | C/A No.: 1:20-1999-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kilolo Kijakazi,[1] Acting | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b). [ECF No. 23]. Counsel filed a civil action on behalf of Plaintiff on November 1, 2017. *See* C/A No. 1:17-2955-RBH, ECF No. 1. On July 23, 2018, the undersigned issued an order granting the Commissioner's unopposed motion to remand, reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remanding the action for further administrative proceedings. *Id.* at ECF No. 17. On October 17, 2018, the Honorable R. Bryan Harwell, United States District Judge, granted Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), awarding $5,500 in attorney fees and $400 in costs. *Id.* at ECF No. 23.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Commissioner Andrew Saul as the defendant in this action.

The ALJ subsequently issued a second unfavorable decision, and the Appeals Council denied review, leading counsel to file this action on Plaintiff's behalf on May 26, 2020. [ECF No. 1]. On March 12, 2021, the undersigned reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), and remanded the case for an award of benefits. [ECF No. 18]. On June 10, 2021, the court issued an order granting Plaintiff's motion under the EAJA and directing the Commissioner to pay Plaintiff $8,750 in attorney fees and $400 in costs. [ECF No. 22]. The Commissioner subsequently awarded Plaintiff total past-due benefits in the amount of $192,018. [ECF No. 23-9 at 5].

On March 18, 2022, counsel requested the court authorize a fee in the amount of $48,004.50, which represents 25% of past-due benefits resulting from the claim, as agreed to by Plaintiff in the contingent fee agreement dated October 27, 2017. [ECF Nos. 23 at 1, 23-6, 23-9 at 5]. The Commissioner subsequently filed a response neither supporting nor opposing Plaintiff counsel's motion, as she "has no direct financial stake in the outcome of this motion." [ECF No. 24]. The court has considered counsel's motion for fees under 42 U.S.C. § 406(b), and approves the motion, as modified herein.

I.    Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as

part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. Nevertheless, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

Counsel filed a copy of the contingent fee agreement, signed by Plaintiff, which provides in relevant part:

> Claimant agrees to pay and/or authorizes the Social Security Administration to pay an attorney fee of Twenty-Five percent (25%) of all past-due benefits recovered. The past-due benefits on which the twenty-five percent (25%) attorney fee is based shall include any past-due benefits for Claimant's dependents. THE ATTORNEY FEE IS PAYABLE ONLY IF THE DECISION OF THE COURT OR THE SOCIAL SECURITY ADMINISTRATION IS FAVORABLE AND THE CLAIM RESULTS IN THE PAYMENT OF PAST-DUE BENEFITS, EXCEPT FOR AN ATTORNEY FEE PAID UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA).

[ECF No. 23-6 at 1]. Because the agreed-upon fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Plaintiff's attorneys have represented him for over four years and have expended a combined total of 76.6 hours on his claim.[2] *See* ECF Nos. 23-3 at 1–2, 23-4 at 4, 23-5 at 3 (reflecting Robertson H. Wendt, Jr. (5.5 hours), Sarah H. Bohr (32.4 hours), and Curtis J. Fisher (7.5 hours)); C/A No. 1:17-2955-RBH, ECF Nos. 19 at 2, 19-2, 19-3 at 4 (reflecting Robertson H. Wendt, Jr. (5.2 hours), Sarah H. Bohr (26.0 hours)). Counsel obtained total past-due benefits on claimant's behalf in the amount of $192,018 for the period from July 2013 through February 2022. [ECF No. 23-9 at 1–2, 5]. In consideration of the nature of the representation, the period of the representation, and the amount of past-due benefits obtained for Plaintiff, the court concludes that the fee is not out of line with the character of the representation and the results achieved.

The court further determines that counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of

---

[2] This is the total amount of time reflected in the itemizations of time. However, counsel's motion reflects a total time expenditure of 72.6 hours, as he appears to have reduced it for the time expended in preparing motions for EAJA fees. *See* ECF No. 23-1 at 4. The undersigned considers it appropriate to include this time, as Plaintiff will receive the benefit of the time expended in preparation of the motions for EAJA fees.

the case in this court. Although Plaintiff's counsel requested extensions for filing his brief, his requests did not significantly delay the court's review and were reasonable given the challenges presented by the COVID-19 national public health emergency.

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 76.6 hours at the district court level. *See* ECF Nos. 23-3 at 1–2, 23-4 at 4, 23-5 at 3; C/A No. 1:17-2955-RBH, ECF Nos. 19 at 2, 19-2, 19-3 at 4. This amounts to an hourly rate of $626.69 per hour.[3] Counsel admits the requested hourly rate exceeds his and the associated attorneys' non-contingent hourly billing rates. *See* ECF No. 23-2 at 3 (indicating Robertson H. Wendt Jr.'s non-contingent hourly rate to be $350); ECF No. 23-4 at 3 (reflecting Sarah H. Bohr's non-contingent hourly rate as $550); ECF No. 23-5 at 1 (representing Curtis J. Fisher's non-contingent hourly rate as $225). However, "[i]f the fee approved for [] counsel was limited to the hourly rate an attorney could earn without the risk of a contingency fee . . . 'plaintiff's may find it difficult to obtain representation.'" *Duval v. Colvin*, C/A No. 5:11-577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th

---

[3] Counsel represents he is requesting an hourly rate of $1,106.09, but his calculation does not account for the time expended in C/A No. 1:17-2955-RBH or the time required to prepare the EAJA fee motion. [ECF No. 23-1 at 4].

Cir. 2010). Because counsel accepted representation along with the risk of no payment, a resulting fee that exceeds the hourly non-contingent rate is not unreasonable and does not result in a windfall.

The court finds the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b) and approves a total attorneys' fee of $48,004.50.

II.    Refund of EAJA Fees

Pursuant to 42 U.S.C. § 406(b)(1)(A), "no other fee may be payable or certified for payment for representation" except for a fee "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled." An uncodified 1985 amendment to the EAJA provides for fee awards to be made under both the EAJA and 42 U.S.C. § 406(b), but provides the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 796). "Because the Social Security Act (SSA) and the Equal Access to Justice Act (EAJA) both allow attorneys to receive fees for successful Social Security representations, Congress enacted a Savings Provision to prevent attorneys from receiving fees twice for the 'same work' on behalf of a claimant." *Parrish v. Commissioner of Social Sec. Admin.*, 698 F.3d 1215,

1216–17 (9th Cir. 2012) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes)).

Although counsel acknowledges that he "should also be ordered to refund to plaintiff, the EAJA attorneys fees of $8,750.00, on receipt . . . of the entire 406(b) attorney's fees awarded by the Court for the same court legal service," he neglects to address the $5,500 in EAJA fees paid in C/A No. 1:17-2955-RBH. [ECF No. 23 at 2]. In *Kopulos v. Barnhart*, 318 F. Supp. 2d 657 (N.D. Ill. 2004), the court rejected counsel's argument that he was only required to refund one of two EAJA fee awards and held for purposes of an award of attorney's fees, any work performed on the claimant's behalf by the attorney is the "same work" such that the attorney was required to refund the entire amount of EAJA fees received. In affirming the district's court decision relying on the reasoning in *Kopulos*, the Ninth Circuit held "that if a court awards attorney fees under § 2412(d) for the representation of the same claimant in connection with the same claim, the claimant's attorney 'receives fees for the same work' under both § 2412(d) and § 406(b)(1) for purposes of the EAJA savings provision." *Parrish*, 698 F.3d at 1221. It further noted: "Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset *all* EAJA awards against the § 406(b) award." *Id.* (emphasis added). Citing *Parrish*, this court granted counsel's motion for attorney's fees, in *Walling v. Berryhill*, C/A No. 4:15-3246-TLW,

7

2019 WL 1557674 (D.S.C. Apr. 10, 2019), but ordered counsel to refund to the plaintiff the EAJA fees received in the plaintiff's two cases.

In light of the plain language in 42 U.S.C. § 406(b)(1)(A), the "Savings Provision" in the notes to 28 U.S.C. § 2412, the reasoning in *Kopulos* and *Parrish*, and this court's holding in *Walling*, the court directs counsel, upon receipt of the total fee approved herein, to refund to Plaintiff the $8,750 EAJA fee paid in this action and the $5,500 EAJA fee paid in C/A No. 1:17-2955-RBH, for a total of $14,250.

IT IS SO ORDERED.

March 23, 2022                                    Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge